**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JEAN FIEDNOR DELVA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-02295-RFB-EJY

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jean Fiednor Delva's First Amended Petition (ECF No. 9) [hereinafter, "Petition"]. Through his petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants Mr. Delva's Petition, ordering his immediate release.

## I. DISCUSSION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

On July 28, 2026, this Court ordered Federal Respondents to file a notice that "(1) indicates whether they contend [Mr. Delva] is, or is not, a [Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC] Class Member and (2) *identifies the statutory provision which they contend authorizes Petitioner's detention*." Order Appointing Counsel, ECF No. 4 at 4 (emphasis added); see also Rules 4 & 7, Rules Governing Section 2254 Cases in the United States District Courts (explaining the preliminary review process for a petition and empowering a court to direct the parties to expand the record by submitting additional materials relating to the petition, respectively). In their July 31, 2026, Notice, Federal Respondents exclusively invoked 8 U.S.C. § 1227(a)(1)(B) to justify Petitioner's detention. See Fed. Resp'ts' Notice Regarding Class Membership, ECF No. 7 at 1–2 [hereinafter, "Notice"]. Specifically, Federal Respondents' position, as set forth in their Notice, is that "Petitioner Jean Fiednor Delva is not a Class Member, as he is detained under 8 U.S.C. § 1227(a)(1)(B) as non-immigrant visa overstay" Id. at 1.[1] Federal Respondents also included the text of this provision, making it abundantly clear to this Court that this is indeed the statutory provision Federal Respondents contend authorizes Mr. Delva's detention. See id. at 2. Additionally, the Court provided Federal Respondents with another opportunity to file a return certifying the true cause of detention, specifying that, if Respondents intend to rely on a separate

[1] To be clear, Federal Respondents' argument that Petitioner is not a member of the Jacobo Ramirez class is also without merit. The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 2026 WL 879799, at *4. Petitioner is a noncitizen without lawful status who was arrested and detained by Immigration and Customs Enforcement (ICE) on or about June 9, 2026, in Nevada—*i.e.* inside the United States. See Petition at 4; Form I-213, ECF No. 8-1 at 4. Mr. Delva is in removal proceedings before the Las Vegas Immigration Court. See Notice to Appear, ECF No. 8-1 at 7. Mr. Delva is alleged by the Department of Homeland Security to have entered the United States without inspection or parole. See id. Mr. Delva is not subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. See generally Notice; Fed. Resp'ts' Resps. to Interrogs., ECF No. 8-2 at 3 (confirming that Federal Respondents, in arresting Petitioner, were acting pursuant to internal guidance that asserted § 1225(b)(2)(A)'s mandatory detention applied to noncitizens like Petitioner). Thus, Mr. Delva is a member of the Jacobo Ramirez class and his instant detention, without proper procedures—namely, an initial custody determination—would violate his rights as a class member, as well as his rights under the INA and Fifth Amendment of the Constitution. However, because Federal Respondents have plainly failed to provide a legitimate statutory authority to justify Petitioner's *detention*, the Court finds that it need not reach Petitioner's statutory or due process claims.

source of detention authority, they must identify it in their return. See Order to Show Cause, ECF No. 10 (August 10, 2026). To date, Federal Respondents have not filed a return, nor have they responded to the Petition.

By way of background, the INA provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, "[*f*]*our statutes*" authorize the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). Notably, 8 U.S.C. § 1227(a)(1)(B)—the provision of the INA the government claims Petitioner is "detained under"—is not among these detention provisions, but rather, it is among the provisions that govern removability. Notice at 1.

The Court need not inquire as to whether Petitioner is actually deportable on this basis, as this is not a challenge to Petitioner's removability. This is a habeas petition, *i.e.*, a challenge to the Petitioner's *detention*—specifically, a challenge to the government's legal authority to detain Mr. Delva while his removal proceedings are ongoing. See Petition at 4–6. Thus, the Court need only determine whether the government has asserted a statutory provision that properly authorizes Petitioner's current *detention*. 8 U.S.C. § 1227(a)(1)(B) clearly does not, as it is not a detention authority at all.

8 U.S.C. § 1227(a)(1)(B) states, in relevant part, "[a]ny [noncitizen] who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant has been revoked under section 1201(i) of this title) is *deportable*." Id. (emphasis added). While a noncitizen may be charged with deportability on this basis in removal proceedings, see, e.g., Pondoc Hernaez v. I.N.S., 244 F.3d 752, 754 (9th Cir. 2001) ("The INS instituted deportation proceedings against Petitioner . . . . Petitioner was charged with deportability for violation of the Immigration and Nationality Act ('INA') § 241(a)(1)(B) (codified at 8 U.S.C. § 1227(a)(1)(B)) (overstay) . . . ."), this section of the INA is not, and cannot be construed as, a defensible detention authority in habeas proceedings. The government must

identify a ground of deportability or removability to institute removal proceedings against a noncitizen, see id., but there are specific statutes that authorize the government to detain a noncitizen during the pendency of such proceedings. See Avilez v. Garland, 69 F.4th at 529. In the event a noncitizen is detained by the government during their removal proceedings, it is therefore incumbent upon the government to identify which of these statutes, if any, justify their detention. Detention cannot be authorized by the deportability charge alone, and the Court will not speculate as to which detention authority may or may not apply to a given noncitizen if offered this justification only. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")).

Under 28 U.S.C. § 2243, "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Id. In this instance, because Federal Respondents have failed to name any detention authority, let alone one that properly governs Petitioner's detention, the Court forthwith issues the writ.

Petitioner requests relief in the form of immediate release to remedy his unlawful detention in Respondents' custody. Because of Respondents' total failure to identify *any* provision that authorizes their actions in arresting and detaining Mr. Delva, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## II. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 8) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **August 29, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance.

Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, upon his release.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **September 1, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** August 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**